# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMONSIA RICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-0070-JEO |
| | ) | |
| SAMUEL AARON, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Demonsia Ricks's first motion in limine.  (Doc. 99).  The motion seeks permission to admit evidence of Defendant Samuel Aaron's prior assaultive conduct.  (*Id.*)  The motion is opposed by Aaron.[1] (Doc. 102).  Upon consideration, the court finds that the motion is due to be denied and the purported prior acts excluded.[2]

## I.    Introduction

This is a civil rights case wherein Ricks alleges he was subjected to excessive force by Aaron in violation of the Eighth Amendment.  He alleges that on October 23, 2014, Alabama Department of Corrections Officer Aaron

---

[1] The response was filed by all the defendants.  The court dismissed all the defendants except Aaron on the Stipulation of Dismissal filed by Ricks.  (*See* Docs. 117 & 119).

[2] Ricks requested oral argument in his reply in support of his motion in limine.  (Doc. 105 at 1). Due to the adequacy of the briefing by the parties, the court decided not to have oral arguments. The parties were informed of this at the pretrial conference and neither side had any objection.

physically assaulted him after he disobeyed a direct command and after he was handcuffed. Specifically, Ricks alleges that Aaron "violently handcuffed" him, "shoved him into" a room, "slammed him to the ground, jumped on his chest, began choking him, and flew into a rage, shouting threats and derogatory racial epithets in his face." (*Id*. at 3). The assault terminated, according to Ricks, when supervisory officers entered the room and ordered Aaron to stop. As a result of the assault, Ricks alleges he suffered serious back injuries.[3] (*Id*.)

Ricks seeks to admit evidence at trial that Aaron was involved in four prior assaults outside the prison setting. He argues this evidence is offered "to demonstrate [Aaron's] past and present ability to form the requisite malicious intent to use excessive force against a helpless or otherwise restrained victim." (*Id*. (underlining in original)). Aaron opposes the motion, asserting the evidence is due to be excluded as "bad character" evidence; the prejudicial effect outweighs the probative value; and the "mini-trials" necessitated by the admission would confuse and distract the jury. (Doc. 102 at 1-2).

The contested evidence concerns four separate events between 2009 and 2012. The first piece of evidence involves a January 12, 2012, incident when Aaron allegedly assaulted his ex-girlfriend outside a bar in Jasper, Alabama. According to the arrest report, Aaron threatened to kill her, jumped on her,

---

[3] Aaron is the only remaining defendant. The others have been dismissed by the court or by Ricks in a stipulation of dismissal.

"grabbed her by the throat with his hands," and shouted threats and derogatory epithets at her. (Doc. 99-1 at 2-3). The second piece of evidence is a November 22, 2012, indictment of Aaron for attacking his ex-girlfriend again.[4] This time, it appears that Aaron grabbed her in a headlock and punched her about the face and head with his fist. The third piece of evidence concerns an incident that occurred on September 5, 2009, when Aaron allegedly assaulted his ex-girlfriend by punching her "in the eye, causing it to swell shut," "head butting" her in the nose three times, and choking her. (Doc. 99-3 at 3). The final piece of evidence concerns a March 3, 2009, incident when Aaron allegedly attacked the mother of his son when he "tried to run [her] off the road" while her seven month old child was in the car. (Doc. 99-4 at 3). She also reported that Aaron has a history of abuse. (*Id.*)

## II. Discussion

The admissibility of the foregoing evidence is guided by Federal Rule of Evidence 404(b). Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

---

[4] The date of the incident is not apparent on the indictment that is contained in the record. (Doc. 99-2 at 2-4). Ricks's counsel states that the incident occurred on November 22, 2012. (Doc. 99 at 2). Aaron's counsel does not contest this assertion. (*See* Doc. 102 at 5 (chart)).

absence of mistake or accident...."  The Eleventh Circuit Court of Appeals has formulated a three-part test to determine whether other bad acts are admissible under Rule 404(b).  To be admissible, (1) "the evidence must be relevant to an issue other than the defendant's character";[5] (2) there must be sufficient proof from which a jury could find from a preponderance of the evidence that the individual committed the prior act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice. *United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir. 2010) (quoting *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005)).  "The trial court is afforded broad discretion in passing on the admissibility of evidence, and its determination will not be disturbed absent a clear showing of abuse."  *United States v. Dothard*, 666 F.2d 498, 501 (11th Cir. 1982) (citing *United States v. Diecidue*, 603 F.2d 535, 551 (5th Cir. 1979)).[6]

### A.    Relevance

Concerning the first prong – relevance – the court begins with the premise that in the Eighth Amendment excess force context, "intent is very much an issue … because '[u]nder the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore

---

[5] "Evidence is relevant if it 'has any tendency to make a fact more or less probable than it would be without the evidence' and 'is of consequence in determining the action.' Fed. R. Evid. 401." *United States v. Aleman*, No. 17-13037, 2018 WL 565261, *2 (11th Cir. Jan. 25, 2018).

[6] Decisions of the former Fifth Circuit rendered before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

discipline [and not] maliciously or sadistically to cause harm.'" *Phillips v. Irvin*, No. 05-0131-WS-M, 2017 WL 2310038, *4 (S.D. Ala. July 27, 2007) (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (citation omitted)). *See also Cockrell v. Sparks*¸ 510 F.3d 1307, 1311 (11th Cir. 2007) (noting that in "Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional rights ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm") (internal citations and quotations omitted)). Similarly, intent is an issue on the assault and battery claims because they must involve unconsented touching "in rudeness, or in anger, or in a hostile manner." ALABAMA PATTERN JURY INSTRUCTIONS 2d § 5.00; *see also Ex parte Capstone Bldg. Corp*., 96 So. 3d 77, 83-84 (Ala. 2012) (noting that under Alabama law, civil actions for assault and battery "*involve intentional conduct* by the tortfeasor" (emphasis original; citations omitted)). Aaron does not contest that intent is an element of Plaintiff's claims against him. (Doc. 102 at 2). Instead, he asserts that the domestic violence allegations are not probative in this case. (*Id*. at 2-3).

The Eleventh Circuit Court of Appeals stated in *Dothard* that "the relevancy of the 'other act' evidence derives from the [actor] having possessed the same state of mind in the commission of both the extrinsic act and the charged offense." 666

F.2d at 502. *See also United States v. Edouard*, 485 F.3d 1324, 1245 (11th Cir. 2007) ("'Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses.' …. Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied….") (citations omitted)). The "[s]imilarity of the extrinsic acts to the offenses with which [the defendant] is charged is the standard by which relevancy is measured under [R]ule 404(b)." *United States v. Miers*, 686 F. App'x 838, 842 (11th Cir. 2017)[7] (quoting *United States v. Williams*, 816 F.2d 1527, 1531 (11th Cir. 1987)). "Where extrinsic evidence of other offenses is sought to be introduced, its relevance is a function of its similarity to the offense charged and, for purposes of determining relevancy, 'a fact is similar to another only when the common characteristic is the significant one for the purposes of the inquiry at hand.' Therefore, similarity, and hence relevancy, is determined by the inquiry or issue to which the extrinsic offense is addressed." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (quoting Stone, *The Rule of Exclusion of Similar Fact Evidence: England*, 46 Harv. L. Rev. 954, 955 (1933)).

While *Dothard* involved a criminal charge of making a false statement on an enlistment application, the same basic principle guides this court in determining

---

[7] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

relevancy – the state of mind of the individual must be similar in both incidents. Ricks asserts that Aaron's state of mind is the same in each instance. Specifically, he argues that "Officer Aaron's history of vicious prior assaults, 'anger issues,' 'snapping between calm and mad,' and violently losing his temper is not only relevant, but is also extraordinarily probative of his ability to form the malicious intent against Mr. Ricks." (Doc. 99 at 7). In his reply brief, Ricks further argues that this evidence is relevant because "[t]he question here is not whether Officer Aaron intended to slam Mr. Ricks to the ground, but why he did so, i.e., what kind of intent did he manifest when he assaulted Mr. Ricks?" (Doc. 105 at 3). Aaron counters that this evidence is pure "bad character" evidence that should be excluded. (Doc. 102 at 1-3).

The court finds the evidence is not relevant because the prior acts are sufficiently different to require exclusion. Ricks is correct that why Aaron acted the way he did is the crux of this case as to all three counts. However, the court believes that placing the prior acts in context is also very important. To be relevant, the other conduct should involve the treatment of other inmates. *See*, *e.g.*, *Mazloum v. District of Columbia Metro. Police Dep't*, 517 F. Supp. 2d 74, 81-82 (D.D.C. 2007) ("To be sufficiently similar, 'other crimes' evidence in a lawsuit alleging excessive force by law enforcement officers must typically have at least some bearing on how an officer has treated other detainees while carrying out his duties;

evidence describing an ill temper alone will not suffice.");[8] *Montgomery v. Boutee*, 2010 WL 2545652, *2 (M.D. La. Jun. 21, 2010) (similar incidents involving inmates); *West v. City of Philadelphia,* 1988 WL 21955, *3 (E.D. Pa. Feb. 29, 1988) (excluding other act evidence because the incident involved a fellow officer and not an inmate); *see also Cox v. Columbia Cas. Co*, 2014 WL 29456, *20 (M.D. La. Jan. 3, 2014) (allowing similar excessive force incidents on a failure to train and supervise claim).[9] That is not the case in this instance. It is true that three of

---

[8] The *Mazloum* court cited to *Carson v. Polley*, 689 F.2d 562, 573-74 (5th Cir. 1982), stating:

> The Fifth Circuit applied this distinction in *Carson* to determine whether two performance evaluations were admissible against prison officers under Rule 404(b) where excessive force against prisoners was alleged. 689 F.2d at 573-74. In finding one admissible, and the other not, the court weighed whether the other crimes evidence concerned an officer's relationship with detainees:

> > Loss of temper and consequent intentional hostility *towards other detainees* on earlier occasions made it more likely that a similar intent was present in [the first officer's] conduct toward [plaintiff].... The report was recent *and specifically referred to [the officer's] relations with prisoners. ...*

> > We reach a different conclusion, however, as to the relevance of the [second] report.... The [second] report expressed only a general statement on [the officer's] temper. It was recorded three years before plaintiff's arrest. It referred only in most general terms to "public contact," *not solely with prisoners*.

> *Id*. (emphasis added).

*Mazloum*, 517 F. Supp. 2d at 82, n.6.

[9] The court notes that *Cox* involved a Fourth Amendment claim where intent was not an issue.

the four prior instances allegedly involve physical assaults. However, that evidence all concern domestic disputes that are far afield from dealing with individuals entrusted to Aaron's custody. The intent in those instances is not necessarily the same as that in the prison setting. The last incident, involving a purported attempt by Aaron to run his son's mother off the road, is not relevant for two additional reasons. First, the event is very dissimilar from the conduct in this case. As already noted, the event in this case involves a purported physical assault by choking while this extrinsic event involves the use of an automobile. Second, the assault using the automobile occurred over five years before this incident. (Doc. 99-4 at 3). Accordingly, the court does not find any of the prior acts to be sufficiently similar to be relevant.

### B.    Rule 403 Considerations[10]

Concerning the last matter –the probative value versus the prejudicial effect– the court must make a common sense assessment of all the circumstances, including the need for the evidence, the overall similarity between the extrinsic act or acts and the present conduct, and the temporal remoteness of the events. *See United States v. Brimm*, 608 F. App'x 795, 798 (11th Cir. 2015) (quoting *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003)). Rule 403 also states that the district court "may exclude relevant evidence if its probative value is

---

[10] Because the court finds that the prior acts are not relevant, it will not address the second prong of the three part test.

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an 'extraordinary remedy' employed 'only sparingly since it permits the trial court to exclude concededly probative evidence.'" *Brimm*, 608 F. App'x at 797 (quoting *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (quotation marks and internal quotation marks omitted)). Thus, the court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *Id*.

As already noted, the crucial issue in this case is Aaron's intent when he responded to Ricks's failure to follow his command. On the § 1983 claim, Ricks must demonstrate that Aaron acted maliciously or sadistically. On the assault and battery claims, he must show that Aaron acted with rudeness, anger, or hostility. As previously found, these prior acts are not sufficiently similar and should be excluded. Additionally, even if the court had determined that the other acts evidence was sufficiently similar, it further finds that the probative value of this evidence is substantially outweighed by its prejudicial effect. Domestic violence understandably causes a strong visceral response from the hearer. When such evidence is introduced in a case such as this, the court believes the concern of unfair prejudice is substantial and legitimate even with the use of an appropriate limiting instruction to the jury concerning its use. Accordingly, the court finds that

this evidence is due to be excluded under Rule 403. In reaching this determination, the court recognizes the difficulties faced by inmate plaintiffs in redressing such claims. However, the need for such evidence must be weighed against undue prejudice. In this instance, the court finds that the former is outweighed by the latter.

To the extent counsel for Aaron argues that allowing this additional evidence will result in mini-trials that will distract and confuse the jurors and lengthen the trial, the court finds that the additional trial time and work do not weigh against Ricks under Rule 403. (Doc. 102 at 7). The issues in the case are highly contested and all parties must be afforded adequate opportunity to present their claims and defenses. While it is true that admitting the evidence would require the presentation of additional witnesses, additional cross-examination, witnesses from the defense, and further jury instructions, these minimal, additional requirements alone would not justify exclusion of the evidence.[11] However, this finding does not alter the court's finding that the evidence should be excluded.[12]

---

[11] In his response, Aaron states: "If the Court allows evidence of Aaron's past aggression to be admitted, … how could it [the court] *not allow* Aaron to use Ricks' prior insubordination and aggression to prove Ricks 'intended' [sic] to disobey and threaten Officer Aaron on October 23, 2014?" (Doc. 102 at 8 (emphasis in original)). Regardless of the court's ruling on this motion, counsel for either party has the prerogative of filing a motion in limine requiring the court to evaluate the admissibility of such evidence.

[12] Should Aaron "open the door" on this issue through any testimony or evidence he offers during trial, counsel for Ricks should bring it to the attention of the court and the court will address the matter in light of the new evidence.

In sum, the court finds that the Rule 403 considerations – particularly unfair prejudice – justify the exclusion of this evidence.

## III.    Conclusion

Premised on the foregoing, Ricks's first motion in limine is **DENIED.** Aaron's purported prior acts are **EXCLUDED**.

**DATED and ORDERED,** this 20th day of June, 2018.

                          _John E. Ott_

**JOHN E. OTT**
Chief United States Magistrate Judge